IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY SCHRADER on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>GENERALI US BRANCH, and GENERALI GLOBAL ASSISTANCE, INC. d/b/a/ CSA TRAVEL PROTECTION,<br><br>              Defendants. | Case No. |

**CLASS ACTION COMPLAINT**

Plaintiff, Gary Schrader ("Plaintiff"), brings this Class Action Complaint individually, and on behalf of all others similarly situated, against Defendants, Generali US Branch ("Generali") and Generali Global Assistance, Inc., d/b/a/ CSA Travel Protection ("CSA" or collectively with Generali, "Defendants"), and allege as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of all persons who paid for and/or obtained a travel insurance policy (the "Policy" or "Policies") from the Defendants, and who have not received an adequate refund for the premiums paid for the Policy, despite Defendants not providing coverage or incurring risk associated with post-departure perils under the Policy.

2. On or about August 26, 2019, Plaintiff booked seven (7) tickets for a Royal Caribbean Cruise to the Bahamas scheduled to depart on February 7, 2020, and scheduled to return on

February 15, 2020 (the "Trip"). After booking his Trip, Plaintiff purchased, paid for, and was issued a travel insurance policy from Defendants, pursuant to which Defendants agreed to, among other things, provide coverage for the Trip.

3. The Policies issued by the Defendants cover perils pre- and post-departure. Risks are associated with each stage of travel, and the weight of the risks collectively is used to determine the price of the premium. Typically, the more perils covered under the Policy, the more expensive the premiums are.

4. Due to the Covid-19 pandemic, and governmental orders issued in connection therewith, Plaintiff's Trip was cancelled.

5. Despite not providing any coverage, and never assuming the risk associated with perils of post-departure travel, Defendants have not issued any cash refund or reimbursement of any portion of the premiums paid by Plaintiff. Instead, Defendants have issued a credit voucher for future purchases of Defendants' Policies. These vouchers were not requested nor wanted, and are not of the same value as receiving cash back. The retention of the cash premiums, especially those that cover post-departure perils, is unjust under the circumstances.

6. Upon information and belief, the Defendants have – on a uniform basis – failed and refused to reimburse their insureds for the premiums paid for the Policies, despite the Defendants not providing coverage and not having incurred the risks associated with post-departure perils after travel was cancelled.

7. The Plaintiff and members of the Class are entitled to cash reimbursements for the proportion of their premiums paid for the Policies that covered post-departure perils, that the Defendants never incurred the risk for.

## PARTIES

8. Plaintiff Gary Schrader is an individual and citizens of the Commonwealth of Pennsylvania.

9. Defendant Generali is an insurance company with its principal place of business at 250 Greenwich Street, 33rd Floor, New York, New York 10007, and is a citizen of the State of New York. Generali is admitted or licensed to do business in all fifty (50) states and the District of Columbia.

10. Defendant CSA provides insurance services and handles claims made under Generali's policies. CSA maintains its principal place of business at 4330 East-West Highway, Suite 1000, Bethesda, Maryland 20814, and is a citizen of the State of Maryland.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because Plaintiff and at least one member of the Class, as defined below, is a citizen of a different state than one or more Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

12. This Court has personal jurisdiction over Defendants because at all relevant times they have engaged in substantial business activities, including the sale of Policies, in Pennsylvania. Defendants have, at all relevant times, transacted, solicited, and conducted business in Pennsylvania through its employees, agents, and/or sales representatives, and derived substantial revenue from such business in Pennsylvania.

13. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this District because Plaintiff's policy was purchased in this District, and a substantial part of the events or omissions giving rise

to the claims alleged herein occurred in this Judicial District.

## FACTUAL BACKGROUND

14. On or about August 26, 2019, Plaintiff made travel accommodations including the purchase of seven (7) tickets for Royal Caribbean Cruise to the Bahamas scheduled to depart on February 7, 2020, and scheduled to return on February 15, 2020.

15. On or about October 18, 2019, Plaintiff applied and paid for a Policy, at a total cost of $199.00, for coverage for the Trip.

16. Some of the premium paid by Plaintiff was apportioned to pre- and post-departure risks. For example, pre-departure risks are covered under the Policies' Trip Cancellation benefits. Post-departure risks are covered under the Policies' Trip Interruption, Travel Delay, Medical and Dental, Baggage Delay, and Emergency coverages.

17. In response to safety concerns and governmental orders regarding the Covid-19 pandemic, in early February 2020, Plaintiff's Trip was cancelled.

18. As a result of Plaintiff's cancelled Trip, Defendants no longer incurred risk associated with the post-departure perils, and never provided Plaintiff with a cash refund of any amount of the premium.

19. Plaintiff and members of the Class are entitled to a cash refund of the premium paid for the Policies, or, at the very least, the portion of the premium that covers post-departure perils.

## CLASS ALLEGATIONS

20. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid for and/or obtained a travel insurance policy from Defendants, and who were not provided cash refunds of premiums paid for the Policies after their trips were cancelled and Defendants no longer incurred post-departure risks (the "Class").

21. Excluded from the Class are Defendants, their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Defendants have a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

22. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

23. The requirements of Rule 23(a)(1) have been met. The Class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to, the sales and transaction records that Defendants have access to and/or own.

24. The requirements of Rule 23(a)(2) have been met. There is a well-defined community of interest and there are common questions of fact and law affecting members of the Class. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

    a. Whether Defendants retained unearned, risk-free premiums paid by Plaintiff and members of the Class;

    b. Whether Defendants incurred any post-departure risks after trips were cancelled prior to departure;

    c. Whether it is unjust for Defendants to retain the portion of the premiums paid for post-departure coverage when a trip is cancelled prior to departure, and Plaintiff

and members of the Class received no coverage or benefit for that portion of premiums paid; and

    c.    Whether Plaintiff and members of the Class are entitled to damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct.

25. The requirements of Rule 23(a)(3) have been met. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unjust retention of cash premiums.

26. Plaintiff and members of the Class were each customers of Defendants, each having applied for and purchased a travel insurance policy that is substantially identical in all material respects from the Defendants. Each likewise did not receive a cash refund for any portion of the premiums despite Defendants not providing any coverage or incurring any post-departure risks.

27. The requirements of Rule 23(a)(4) have been met. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the Class and have no interests antagonistic to the members of the Class. In addition, Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation. The claims of Plaintiff and the Class members are substantially identical as explained above. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Certifying the case as a Class will centralize these substantially identical claims in a single proceeding, which is the most manageable litigation method available

to Plaintiff and the Class and will conserve the resources of the parties and the court system, while protecting the rights of each member of the Class. Insurers' uniform conduct is generally applicable to the Class as a whole, making relief appropriate with respect to each Class member.

### FIRST CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and Members of the Class)

28. Plaintiff incorporates by reference the factual allegations above as though the same were set forth here in their entirety.

29. Plaintiff brings this claim individually and on behalf of the members of the Class.

30. Plaintiff and members of the Class conferred a benefit on the Defendants in the form of premiums paid for Policies in order to benefit from travel coverage for pre- and post-departure perils.

31. Defendants have retained the full benefit of the premiums, despite not having to incur any cost associated with coverage, or any risk associated with post-departure coverage under the Policies after trips were cancelled. The retention of the full amount of the premiums, while only incurring risk for partial coverage, is unjust and inequitable under the circumstances.

32. The Defendants can readily identify the portions of the premiums that cover pre- and post-departure perils.

33. Defendants refuse and have failed to issue cash refunds, in whole or in part, for the premiums paid to cover perils post-departure. Therefore, Plaintiff and members of the Class are entitled to pro-rata refunds of the premiums paid to cover post-departure perils.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendants as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

c.  For damages in an amount to be determined by the trier of fact;

d.  For an order of restitution and all other forms of equitable monetary relief;

e.  Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

f.  Awarding pre- and post-judgment interest on any amounts awarded; and

g.  Awarding such other and further relief as may be just and proper

## JURY TRIAL DEMAND

A jury trial is demanded on all claims so triable.

Dated: September 16, 2020

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch (PA ID 56887)
Kelly K. Iverson (PA ID 307175)
Jamisen A. Etzel (PA ID 311554)
Nicholas A. Colella*
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 322-9243
F: (412) 231-0246
glynch@carlsonlynch.com
kiverson@carlsonlynch.com
jetzel@carlsonlynch.com
ncolella@carlsonlynch.com

*Counsel for Plaintiffs*